WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Oscar Vargas,

        Plaintiff,

v.

Snowflake Unified School District No. 5 and Hollis Merrill,

        Defendants.

No. CV-17-08035-PCT-JAT

**ORDER**

Pending before the Court is a motion to dismiss the first amended complaint. Defendants raise 4 arguments why the amended complaint should be dismissed. The Court will address each argument in turn.

**I.    Service of Process**

Defendants argue the amended complaint should be dismissed, with prejudice, because the Defendants were not properly served.

    **A.    Defendant Hollis Merrill**

Notwithstanding the fact that Defendants seek dismissal of this entire action, with prejudice, for lack of service of process, Defendants make no argument that Defendant Hollis Merrill was not served. Accordingly, the Court finds this Defendant was served. (*See* Doc. 5-1 at 2).

    **B.    Defendant Snowflake Unified School District No. 5**

Defendants next argue that Snowflake Unified School District No. 5 (hereinafter "the District") has not been served. Under Arizona law, the District may be served by

serving the entire governing board, *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 933-34 (Ariz. Ct. App. 2009), or by serving "the official secretary, clerk or recording officer of the entity as established by law." Ariz. R. Civ. P. 4.1(h).

In this case, the District has 5 board members: Carol Palmer, Cory Johnson, Carole Owens, Charles Foote and Shea Flake. It is undisputed that Plaintiff served the first 3 listed members; and further undisputed that Plaintiff did not serve the last two listed members. Plaintiff did however serve Hollis Merrill, the school superintendent. Plaintiff also served Tohna L. Rogers, secretary of/to the board, at a public school board meeting. (Doc. 5-1 at 6).

Plaintiff argues that he adequately served the board because he served the secretary of the board (Tohna Rogers) as is permitted under Arizona Rule of Civil Procedure 4.1(h). Defendant concedes that serving Tohna Rogers would be adequate to serve the board if she were the official secretary of the board. (Doc. 14 at 2). However, Defendants argue that Ms. Rogers is not an "official" secretary <u>of</u> the board but merely a secretary <u>to</u> the board. Further, Defendants argue that they have no official secretary, clerk or recording officer who can accept service of process.

Defendants' version of the facts as to what Ms. Rogers' official position is may be true behind the scenes. However, publically, Defendants present a much difference appearance. For example, the public minutes Defendants attach to show the names of the board members (Doc. 12-1 at 4) are prepared for the signature of "Tohna L. Rogers, Secretary to the Governing Board"; and require the signature of Ms. Rogers to certify that the minutes are correct. Further, Ms. Rogers was served, as secretary to the board, at a public meeting of the board and apparently no one made any effort to advise the process server that she was not authorized to accept service for the board, nor did she refuse service because she was not authorized to accept it.

Faced with similar facts, another Court in this district found as follows:

> Prescott Unified School District ("District") contends that Bacon–Dorow failed to properly serve the District's chief executive officer, which it contends is the governing board, because service on an individual board

> member is insufficient and the District does not have an individual designated pursuant to statute to receive service of process, an official secretary, a clerk, or a recording officer. Instead, Bacon–Dorow served the Summons and Complaint on Andi Mayer, Assistant to the Governing Board, who "told counsel that the school board did not have a clerk, but that she functioned as the secretary to the board and was the person tasked with receiving claims, process, and the like on behalf of the board." (Doc. 12–1, Affidavit of Counsel.) Ms. Mayer was the de facto Secretary of the Governing Board, and the District received actual notice. Therefore, the service was sufficient.

*Bacon-Dorow v. Prescott Unified Sch. Dist.*, No. CV-13-08039-PCT-NVW, 2013 WL 5837543, at *1 (D. Ariz. Oct. 30, 2013).

This Court agrees with Judge Wake's analysis. Ms. Rogers, at least publically, was the de facto Secretary of the Governing Board. Further, the District received actual notice through service on 3 board members, service on the superintendent, and service on the de facto secretary at a public meeting of the District where the board was in attendance. Therefore, service was sufficient.

## II. Timing of Service of Process

Defendants argue this case should be dismissed, with prejudice, because the complaint was not timely served. The parties spend a great deal of time discussing a state of Arizona rule change, and when the deadline for service expired under state law. However,

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. In other words, "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court . . . ." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed. 2015).

Because all service in this case was completed within 90 days of removal, it is timely.

- 3 -

### III. Personal Jurisdiction

Defendants appear to argue that lack of service of process converts to lack of personal jurisdiction. Because the Court has found that all Defendants have been properly served, this argument fails.

### IV. Failure to State a Claim (Fed. R. Civ. Pro. 12(b)(6))

The amended complaint in this case (Doc. 11) contains 5 Counts that arguably encompass 12 causes of action: 1) Racial Discrimination and Retaliation (federal and state); 2) Religious Discrimination and Retaliation (federal and state); 3) Age Discrimination; 4) Section 1983 (Equal Protection and Due Process); 5) Intentional Infliction of Emotional Distress.

#### A. Age Discrimination

Defendants seek to dismiss Plaintiff's age discrimination Count because, while Plaintiff correctly cites 29 U.S.C. § 621, *et. seq.*, Plaintiff mistakenly states that this statute is within Title VII. The motion to dismiss for failure to state a claim based on a typographical error is frivolous and unnecessarily multiplying the proceedings; it is accordingly denied. *See* 28 U.S.C. § 1927.

#### B. Intentional Infliction of Emotional Distress and Other State Law Claims

Defendants seek to dismiss Plaintiff's intentional infliction of emotional distress Count, and the state law claims under Count 1 and Count 2, arguing that they are barred by the statute of limitations. (Doc. 12 at 4-6). Plaintiff responds and seems to admit that the state law claims are beyond the statute of limitations. (Doc. 13 at 3). However, Plaintiff raises the possibility of equitable tolling as follows:

> [Plaintiff] … concede[s] the State law claims were not timely brought under applicable 9th Circuit precedent finding that tolling does not apply to state law tort claims while the EEOC considers federal law claims. *Arnold v. U.S.*, 816 F.2d 1306, 1313 (C.A.9 (Cal.), 1987). The Plaintiff[] do[es] not know how the work sharing agreement might affect this outcome, and respectfully request that the Court clarify this point of law.

(Doc. 13 at 3).

The Court is not Plaintiff's law clerk and will not endeavor to do Plaintiff's research on equitable tolling for him.

Defendants reply and ignore Plaintiff's equitable tolling argument. (Doc. 14 at 7-8). The Court is also not Defendants' law clerk. While Plaintiff has not shown he should receive equitable tolling, Defendants have not shown that he should not. As the Movants, Defendants have failed to show they are entitled to relief. Accordingly, the motion is denied as to the statute of limitations argument, without prejudice to Defendants re-raising this defense on summary judgment and citing to appropriate law and evidence dealing with any claim of equitable tolling.

### C. Constitutional Claims

#### 1. Policy, Practice or Custom

Defendants next move to dismiss the portion of Count 1 that arises from 42 U.S.C. § 1981, and Count 4, which arises under 42 U.S.C. § 1983, by arguing that Plaintiff has failed to identify a policy, practice or custom that would give rise to liability. *See Monell v. Dep't of Soc. Services of City of N.Y.*, 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

First, the Court notes that this argument would not apply to Defendant Merrill; therefore, neither of these claims will be dismissed against him.

Second, with respect to the District, Plaintiff has alleged a practice or custom that the Court must accept as true for purposes of a motion to dismiss.[1] Specifically, the amended complaint alleges that the district has a practice or custom of paying Hispanic workers less than all other workers. (Doc. 11 at ¶¶ 14, 22). Next, the amended complaint alleges that the District had a practice or custom of paying non-LDS employees less than

---

[1] *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

LDS employees. (Doc. 11 at ¶¶ 14, 23). Additionally, the amended complaint alleges that the District had a to-be-implemented plan and practice to fire all non-LDS employees and replace them with LDS employees. (Doc. 11 at ¶¶ 24, 42). The amended complaint further alleges that the District had a custom of allowing Caucasian LDS employees to work until they qualified for a retirement benefit, but Hispanic and Native American non-LDS employees were terminated before they could draw a retirement benefit. (Doc. 11 at 25). These allegations are sufficient to state a claim of a policy, practice or custom sufficient to comply with *Monell*.

### 2. Due Process

As discussed above, Count 4 contains a § 1983 claim premised on a Due Process violation. Defendants argue that the portion of Count 4 that is a Due Process claim must be dismissed because Plaintiff did not have a protectable property interest in his continued employment.[2] (Doc. 12 at 7-8). The entirety of Plaintiff's response is, "The Court will need to consider the property interest argument of the Defendants for the § 1983 claim." (Doc. 13 at 4). Again, the Court will reiterate, the Court is not Plaintiff's law clerk. Plaintiff's counsel needs to make arguments on Plaintiff's behalf, citing necessary law and facts to support these arguments.

As a general rule, at-will employees do not have a protected property interest in their continued employment that would give rise to a procedural due process claim. *Mungo v. Hazel Hawkins Memorial Hospital*, 2017 WL 2289222, *8-9 (N.D. Cal. May 25, 2017). On this record, Plaintiff has failed to allege facts to support that he had a protected property or liberty interest in his continued employment or retirement benefits; or, that in terminating him, the Defendants stigmatized him in a way that would prevent him from obtaining future employment. *See Portman v. County of Santa Clara*, 995 F.2d 898, 907 (9th Cir. 1993) ("The liberty interest protected by the due process clause encompasses an individual's freedom to work and earn a living." (internal quotations and

---

[2] Defendants presume, and Plaintiff does not dispute, that this is a procedural due process claim, and not a substantive due process claim, or both. The amended complaint, however, does not specify the type of due process claim alleged.

citation omitted)).

Accordingly, Defendants' motion to dismiss the portion of Count 4 that is a procedural due process claim will be granted. Plaintiff may again move to amend his complaint (within the deadline to be set by this Court at the scheduling conference) to add back a procedural due process claim if Plaintiff can plead sufficient facts to state a claim. To the extent the amended complaint contains a substantive due process claim, that claim is not addressed by this Order.

## V. Conclusion

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 12) is granted in part and denied in part. Specifically, the motion is granted with respect to the portion of Count 4 that is a procedural Due Process claim (as to all Defendants); the motion is denied in all other respects.[3]

Dated this 20th day of June, 2017.

*James A. Teilborg*
Senior United States District Judge

---

[3] The Court notes that Defendants requested oral argument on their motion. Due to the quality of briefing by both parties in this case, the Court does not believe oral argument would have aided the decisional process. *See generally, Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group, Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Accordingly the request is denied.