WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oscar Vargas, | No. CV-17-08035-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Snowflake Unified School District No. 5, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's second motion to amend the complaint. In this motion, Plaintiff seeks to make one change; specifically to name Defendant Hollis Merrill to Count 4 (Count 4 is Plaintiff's Section 1983 claim). (Doc. 27-1 at 7). Plaintiff claims that his failure to include Defendant Merrill in Count 4 of the first amended complaint was a scrivener's error and that Plaintiff always intended to include Defendant Merrill in Count 4.

Defendants oppose amendment arguing that Plaintiff has admitted in some context that he did not intend to pursue his Section 1983 claim against Defendant Merrill; therefore, Plaintiff should not be allowed to amend inconsistent with this prior representation. (Doc. 29 at 2-3). Plaintiff's motion makes some ambiguous statements about whether Defendants are correct about counsels' prior conversations; but ultimately Plaintiff states that his counsel has no recollection of any phone call or correspondence that would be a stipulation that Defendant Merrill should not be included in Count 4. (Doc. 27 at 3). Defendants offer no written stipulation signed by Plaintiff's counsel that

would contradict Plaintiff's counsel's statements.

Further, considering the factors for leave to amend, (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint, only one factor weighs against amendment. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Specifically, Plaintiff has previously been given leave to amend; thus, that factor weighs against amendment. However, as to the other factors, if Plaintiff's counsel is taken at his word, there is no bad faith. Additionally, the motion for leave to amend was filed within 7 days of the Rule 16 conference, well before any discovery or motions deadlines expired; therefore, there is no undue delay or prejudice. Thus, the Court does not find bad faith, undue delay, prejudice, or futility (Defendants do not argue that the amendment would be futile).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for leave to amend (Doc. 27) is granted. Because Plaintiff failed to lodge his proposed amended complaint, Plaintiff is further ordered to FILE the second amended complaint no later than September 1, 2017. If Plaintiff fails to file the second amended complaint by September 1, 2017, this Order permitting leave to amend will be deemed to be vacated and the case will proceed on the first amended complaint. Defendants shall answer or otherwise respond to the to-be-filed second amended complaint within the time set by the rules.

Dated this 28th day of August, 2017.

James A. Teilborg
Senior United States District Judge